NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-151

J.B.[1]

vs.

D.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, D.B., appeals from the extension of a harassment prevention order issued pursuant to G. L. c. 258E, § 3.  Concluding that the evidence supported the judge's conclusion that the defendant committed an act of criminal harassment and that such evidence is sufficient to permit the extension of a harassment prevention order, we affirm.

1.  Standard of review.  "Our review of the order at issue is 'or an abuse of discretion or other error of law.'" Wilhelmina W. v. Uri. U., 102 Mass. App. Ct. 634, 637 (2023),

---

[1] The plaintiff, as is her right, did not file a brief in this appeal.  Although the order has since expired, this does not make the appeal moot.  See A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 270 n.1 (2017).

quoting Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022). "[W]here we are able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings are required." Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 318 (2020), quoting G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018).

2. Basis for extension. There are two permissible bases for granting a harassment prevention order. See G. L. c. 258E, § 1. "Most harassment prevention orders are granted based on '[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property.'" Yasmin Y., 101 Mass. App. Ct. at 256, quoting Orla O. v. Patience P., 100 Mass. App. Ct. 126, 127 (2021). "There is, however, another basis for a harassment prevention order: proof that the defendant '"by force, threat, or duress cause[d the plaintiff] to involuntarily engage in sexual relations" [or proof that the] defendant committed any of twelve specifically enumerated sex crimes.'" Yasmin Y., 101 Mass. App. Ct. at 256, quoting F.A.P. v. J.E.S., 87 Mass. App. Ct. 595, 599 (2015). One of these crimes is criminal harassment under G. L. c. 265, § 43A. See G. L. c. 258E, § 1.

Here, in ruling on the extension, the judge repeated the language of the criminal harassment statute, demonstrating his intention to extend the order based on the defendant's commission of an act of criminal harassment. Contrary to the defendant's argument, a judge may extend a harassment prevention order on this basis. See A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 276-277 (2017).[2]

3. Evidence supporting criminal harassment. To establish the crime of criminal harassment, a party must prove that the defendant "willfully and maliciously engage[d] in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarm[ed] that person and would cause a reasonable person to suffer substantial emotional distress." G. L. c. 265, § 43A (a). See O'Brien v. Borowski, 461 Mass. 415, 420 (2012). Specifically, criminal harassment requires proof of "three or more predicate acts of harassment that were 'directed at a specific person.'" Commonwealth v. Brennan, 481 Mass. 146, 151 (2018), quoting Commonwealth v. Johnson, 470 Mass. 300, 312 (2014). These

---

[2] We need not address the defendant's argument -- raised for the first time at oral argument -- that a harassment prevention order extended on this basis requires a criminal charge or conviction. See Prism Group, Inc. v. Slingshot Techs. Corp., 104 Mass. App. Ct. 785, 797 n.8 (2024) (argument raised for first time in oral argument waived). We note, however, that there was no such charge or conviction in A.S.R., 92 Mass. App. Ct. 271-274.

3

predicate acts must be done "willfully and maliciously" by the defendant. G. L. c. 265, § 43A (a). As applicable here, "[w]ilful conduct is that which is 'intentional rather than accidental'; it requires no evil intent, ill will, or malevolence." Brennan, 481 Mass. at 154, quoting Commonwealth v. McDonald, 462 Mass. 236, 242 (2012). Malicious conduct, for purposes of criminal harassment, "is an 'intentional, wrongful act done willfully or intentionally against another without legal justification or excuse.'" Brennan, supra, quoting McDonald, supra.

In contrast to civil harassment, we have "specifically rejected the argument that a defendant must have 'act[ed] out of "cruelty, hostility, or revenge"' to be guilty of criminal harassment." Commonwealth v. Ecker, 92 Mass. App. Ct. 216, 221 (2017), quoting Commonwealth v. Paton, 63 Mass. App. Ct. 215, 219 (2005).[3] Further, malice can be inferred through conduct alone. See Paton, supra at 219-220 ("[T]he defendant's behavior alone was sufficient in this case for a rational trier of fact

_____

[3] There is a specific definition of "malicious" for purposes of the first definition of civil harassment, that of three or more acts committed with the intent to cause fear, intimidation, abuse, or damage to property. G. L. c. 258E, § 1. For those purposes, "malicious" is defined as "characterized by cruelty, hostility or revenge." G. L. c. 258E, § 1. That definition, however, applies only to the word "malicious" "[a]s used in this chapter [258E]." G. L. c. 258E, § 1. It does not change the definition of "maliciously" in G. L. c. 265, § 43A (a).

4

to conclude that the defendant acted maliciously.  The defendant's staring at the victim in the bar without speaking and then unexpectedly appearing in proximity to her in other places . . . caused the victim anxiety and apprehension").

To satisfy the statutory definition of criminal harassment, the harassing acts "must 'seriously alarm[]' the targeted victim."  O'Brien, 461 Mass. at 420, quoting G. L. c. 265, § 43A.  The plaintiff, however, does not have to be aware of, or be alarmed by, the defendant's conduct at the time it occurs.  See Commonwealth v. Walters, 472 Mass. 680, 687, 699 (2015), S.C., 479 Mass. 277 (2018).  Instead, "the 'cumulative effect of the defendant's pattern of conduct [must] "seriously alarm[]" [the plaintiff].'"  Brennan, 481 Mass. at 152, quoting Walters, supra at 699.  It is not necessary "that each individual incident was alarming."  Brennan, supra, quoting Walters, supra.  Finally, "the pattern of harassment [must be such that] 'would cause a reasonable person to suffer substantial emotional distress'."  O'Brien, supra, quoting G. L. c. 265, § 43A.

Here, the defendant took over one thousand photos of the plaintiff over forty days while they were at work together, each of which could be an act.  In addition, on the evening the defendant was fired, he appeared approximately four hundred feet from the plaintiff's home.  The defendant then sent the plaintiff a text message.  The judge did not need to specify

5

three harassing acts where there "was evidence supporting a conclusion that there were many more than three harassing acts." A.S.R., 92 Mass. App. Ct. at 277.

That the plaintiff was not aware of the photographs at the time they were taken would be a problem had the extension been based on three acts "with the intent to cause fear, intimidation, abuse or damage to property, G. L. c. 258E, § 1, but criminal harassment has no such requirement. See O'Brien, 461 Mass. at 420. "Adding an awareness element to § 43A would frustrate the purpose of the law." Brennan, 481 Mass. at 152.

This case is controlled by Commonwealth v. Brennan, 481 Mass. 146. There, the court found that the defendant's placement of global positioning tracking devices on the motor vehicles of the two victims constituted acts of criminal harassment even though neither was aware of their placement or of the defendant's checking the victims' locations with his phone at the time. Id. at 154. Later, the victims became seriously alarmed when the devices were discovered. Id. Similarly, here, the plaintiff testified that, after she was made aware that the defendant had taken photographs of her, "this has been incredibly traumatic for me to think that I had somebody that I trusted that was a colleague of mine, that we could, I don't know, have boundaries, and I feel incredibly violated that to find out the information that I did through the

6

investigation."  In combination with evidence that the defendant showed up in proximity to the plaintiff's home and sent the victim a text message, this evidence provided an adequate basis for the judge to find that the defendant committed the crime of criminal harassment against the plaintiff.

<u>Order dated August 25, 2023, affirmed</u>.

By the Court (Neyman, Ditkoff & Wood, JJ.[4]),

Clerk

Entered:  March 4, 2025.

---

[4] The panelists are listed in order of seniority.

7